IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAKISHA FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  4:19-cv-01708-SRC |
| | ) |
| PINE LAWN FOOD MARKET, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BLAKENEY'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS**

Defendant Steven Blakeney, by and through his undersigned counsel, files his memorandum in support of his motion to dismiss plaintiff Nakisha Ford's complaint.  (Doc. 3).

## Background

On March 31, 2018, plaintiff Nakisha Ford filed her "Petition for Damages" in state court against defendants Pine Lawn Food Market, Inc., Mazen "Mario" Samad, Akram "Sam" Samad, Sylvester Caldwell, Steven Blakeney, and the City of Pine Lawn, Missouri alleging the following six conspiracy counts:

   Count I - Conspiracy to Commit Negligent False Imprisonment

   Count II - Conspiracy to Commit Negligent Misrepresentation

   Count III - Conspiracy to Commit Abuse of Process

-1-

>   Count IV - Conspiracy to Commit Malicious Prosecution in Violation of 4th & 14th Amendments
>
>   Count V - Conspiracy to Commit False Arrest in Violation of the 4th & 14th Amendments
>
>   Count VI - Conspiracy to Commit First Amendment Retaliation

In Counts I -III, plaintiff appears to be raising state law claims, and in Counts IV-VI, plaintiff is attempting to raise what appears to be civil rights claims under 42 U.S.C. § 1983.

After the petition was filed, the next activity in state court was on April 12, 2108, when the state court entered this docket entry:

>   NO SUMMONS ISSUED DUE TO MISSING DOCUMENTS. YOU MUST E-FILE A NOTARIZED AFFIDAVIT REQUESTING SERVICE BY CERTIFIED MAIL FOR YOU SUMMONS TO BE ISSUED FOR SERVICE BY CERTIFIED MAIL. PLEASE E-FILE A YOUR NOTARIZED AFFIDAVIT SO THAT YOUR CERTIFIED MAIL SUMMONS MAY BE ISSUED.

(Doc. 1-3 p. 3). Plaintiff did not respond to this order and neither an affidavit nor request for service was made.

On July 6, 2018, plaintiff filed a motion to join A & A Grocery Corporation as a named defendant. The state court granted this order on August 13, 2018, and further ordered that:

>   Plaintiff shall file an Amended Petition on or before August 18, 2018, naming A&A Grocery Corporation as defendant and that Plaintiff shall make arrangements for the prompt service thereof in accordance with the applicable requirements of Rule 54 of the Missouri Rules of Civil Procedure.

(Doc. 1-3, p. 18). Again, plaintiff did not respond to this order and did not file an

-2-

amended complaint before August 18, 2018, nor on any later date naming A & A Grocery Corporation as a defendant.

Because of the lack of prosecution, the state court set plaintiff's case on a number of dismissal dockets including October 2018, March 2019, April 2019, and May 2019. (Doc. 1-3, pp. 1-3). On April 23, 2019, over a year after the filing of the petition and for the first time, plaintiff filed "Service Instructions" with the state court seeking to serve all defendants by certified mail. In response to this filing, the state court on April 25, 2019, issued summonses purporting to provide for service by certified mail on all defendants. Also, on April 29, 2019, the state court issued summons purporting to provide for service upon A&A Grocery Corporation by certified mail despite the plaintiff never having named it as a defendant.[1]

On June 3, 2019, the certified mail service on defendant Caldwell was returned unclaimed and denominated by the trial court as "non-est". A review of the state court file indicates that no other returns of service were filed and none of the defendants returned an "acknowledgment of service" under Rule 54.16, nor had service of the summons and petition "been made as otherwise provided by statute or rule." (Doc.1-3)

---

[1] As set out in the City of Pine Lawn's memorandum in support of its motion to dismiss (Doc. 11, pp. 3), plaintiff could not serve the City of Pine Lawn by certified mail under Missouri rules.

On May 15, 2019,the undersigned entered his appearance in the state court on behalf of defendant Blakeney to conduct depositions. On May 28, 2019, the City of Pine Lawn entered its appearance subject to objection concerning the lack of service by plaintiff. The state court record indicates that although plaintiff filed her petition on the five year anniversary date of its accrual, she did not even request service of summons for over a year on April 23, 2019.

## Standard of Review

The purpose of a Federal Rules of Civil Procedure 12(b)(6) motion is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). The Supreme Court in recently has raised the pleading standard that a plaintiff must meet to survive a 12(b)(6) motion to dismiss. The Supreme Court held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)).  Although detailed factual allegations are not required, Rule 12(b)(6) does require sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 663. The court is not always required to accept as true all of the allegations in the complaint, as this "tenet ... is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* Thus "mere conclusions[ ] are not entitled to the assumption of truth." *Id.* at 664. Furthermore, "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id. at 663-64. "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule(12)(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 (8th Cir. 1997)).  Also, a "motion to dismiss may be granted when a claim is barred under a statute of limitations." *Bradley Timberland Res. v. Bradley Lumber Co.,* 712 F.3d 401, 406 (8th Cir. 2013) (citations omitted).

**Argument**

I. **Plaintiff's claims are barred by the statute of limitations.**

Because of plaintiff's lack of diligence in seeking service after filing her petition at the deadline of the expiration of the five-year limitation period for Counts II-VI, and after the two-year limitation period for Count I had expired, this Court should dismiss this petition as time-barred.

A. *Plaintiff's causes of action accrued upon her arrest on March 31, 2019 or, at the latest April 1, 2013.*

In her petition, plaintiff alleges that she was falsely arrested on March 31, 2013. (Doc. 3, ¶ 8-28). She alleges that her arrest and prosecution were the result of a conspiracy directed toward her mayoral campaign in the April 2013 elections. (Doc. 3, ¶¶ 8, 63, 69, 78). She further alleges that the conspiracy culminated when Defendants Sam Samad and Mario Samad submitted false affidavits to the police in 2013. (Doc. 3, ¶ 44, 54, 57, 60, 64, 70, 79). She alleges that her attorney knew of these affidavits in 2013, and "relied upon" them in negotiating a plea deal on her behalf in 2013. (Doc. 3, ¶54-57).

Also, plaintiff makes the conclusory allegation that her attorney's reliance on false affidavits was "justified" at the time "because nothing at that time hinted of the criminal conspiracy." (Doc. 3, ¶58). This is a conclusory allegation, however, that is not entitled to any deference on a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 at 678. Moreover, plaintiff knew that the Samads's

statements (accusing her of creating a disturbance) conflicted with her own version/recollection of events (that she acted with permission) and clearly supports no other conclusion than plaintiff knew of the purported falsity at the time. (Doc. 3, ¶ 11, 23). According to the well-pled facts and taking them as true for purposes of this motion, the plaintiff's causes of action all accrued upon her arrest on March 31, 2013 or, at the latest, her release on April 1, 2013. (Doc. 3, ¶ 28)

### B. Count I is time-barred by Two-Year Statute of Limitations.

Count I purports to state a claim under Missouri law for conspiracy to commit false imprisonment. The statute of limitations for false imprisonment under Missouri law is two years. Mo. Rev. Stat. §516.140. A cause of action for false imprisonment accrues on discharge from imprisonment. *Stafford v. Muster*, 582 S.W.2d 670, 680 (Mo. 1979). Finally, a conspiracy claim under Missouri law is not an independent cause of action, actionable in its own right, but falls with the underlying claim. See generally *Dueker v. Gill*, 175 S.W.3d 662, 673 (Mo.App. S.D. 2005); and, *e.g., Dean v. Noble*, 477 S.W.3d 197, 206 (Mo.App. W.D. 2015) (derivative conspiracy claim fell with underlying claim barred by statute of limitations).

Plaintiff was released on April 1, 2013 (Doc. 3, ¶28]), and her action accrued no later than that day. Plaintiff filed her cause of action on March 31, 2018, well outside of the two-year statute of limitations.

### C. *Count II is time-barred by Five-Year Statute of Limitations.*

Count II purports to state a claim under Missouri law for conspiracy to commit negligent misrepresentation. The statute of limitations for negligent misrepresentation under Missouri law is five years. Mo. Rev. Stat. §516.120. A cause of action for negligent misrepresentation accrues "when the damage resulting from the offending act is sustained and capable of ascertainment." *Olean Associates, Inc. v. Knights of Columbus*, 5 S.W.3d 518, 521–22 (Mo. App. E.D. 1999). Again, a conspiracy claim under Missouri law is not an independent cause of action, actionable in its own right, but falls with the underlying claim. Plaintiff alleges that the offending representation in Count II was the purportedly false information/affidavits from Mario and Sam Samad, on which her attorney relied in fashioning a plea deal in 2013 (Doc. 3, ¶¶54, 57). Plaintiff, however, first alleges that the false information was given to reporting Officer Brock (Doc. 3, ¶56). Plaintiff was arrested on March 31, 2013 and her action accrued that day.

Although plaintiff's cause of action was filed exactly five years later, on March 31, 2018, Plaintiff did not seek or obtain a summons on any defendant, or achieve any service whatsoever, until at least April 23, 2019, over six (6) years after the accrual of her cause of action and well over a year after the action was filed.

-8-

The general rule under Missouri Law is that "a petition is timely filed and is not subject to dismissal upon statute of limitations grounds if it is filed within the statutory limitations period, even though summons is not served upon the defendant until after the expiration of the limitations period," but if the Plaintiff "does not use due diligence in effecting service, the statute continues to run and the cause of action will be barred." *Wriedt v. Charlton*, 689 S.W.2d 788, 789 (Mo. App. W.D. 1985) (citations omitted) (upholding dismissal after over 13-month delay in service); *see also Sandweiss v. Bd. of Adjustment of City of St. Louis*, 811 S.W.2d 48, 50 (Mo.App. E.D. 1991) and *Hoffman v. Benson*, 147 F.R.D. 205, 207 (W.D. Mo. 1993) (filing a complaint only conditionally tolls the statute of limitations).

Plaintiff's lack of diligence in seeking service is evident on the face of the record. Plaintiff did not commence efforts to serve the defendants until over a year outside of the statute of limitations. No excuse appears in the record. In the meantime, the statute of limitations expired and now bars this claim.

### D.   *Count III is time-barred by Five-Year Statute of Limitations.*

Count III purports to state a claim under Missouri law for conspiracy to commit abuse of process. The statute of limitations for abuse of process under Missouri law is five years. Mo. Rev. Stat. § 516.120. A cause of action for abuse of process accrues "from the termination of the *acts* which constitute the abuse

complained of, *and not from the completion of the action* in which the process issued." *Corley v. Jacobs*, 820 S.W.2d 668, 672 (Mo.App. E.D. 1991) (citations omitted, emphasis added). Again, a conspiracy claim under Missouri law is not an independent cause of action, actionable in its own right, but falls with the underlying claim.

Plaintiff alleges that the submission of illegal affidavits to the reporting officer in 2013 constituted an abuse of process (Doc. 3, ¶¶ 60-62), and her cause of action accrued at that time. Despite filing this action just at five years of the accrual of her cause of action, the plaintiff did not attempt service until long after the expiration of the statute of limitations. Plaintiff's lack of diligence in seeking service is evident on the face of the record. Plaintiff did not commence efforts to serve the defendants until over a year outside of the statute of limitations. In the meantime, the statute of limitations expired and now must serve to bar this claim.

### D.   *Counts IV-VI are time-barred by Five-Year Statute of Limitations*

Counts IV -VI purport to state claims under federal law pursuant to 42 U.S.C. § 1983. Claims brought under 42 U.S.C. § 1983 in this district are subject to a five-year statute of limitations. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 767 (8th Cir. 2005) (recognizing the application of Missouri's five-year statute of limitations for personal injury actions). "Section 1983 claims accrue "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can

-10-

file suit and obtain relief." *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018).

Plaintiff alleges that she was wrongfully prosecuted in March 2013 (Doc. 3, ¶ 67). Plaintiff claims that she was subject to false arrest in March 2013 (Doc. 3, ¶ 74). Plaintiff claims that wrongful prosecution and false arrest in March 2013 were in retaliation for her political speech and cost her the mayoral race in April 2013 (Doc. 3, ¶ 83). Her actions under 42 U.S.C. § 1983 accrued in March 2013. Again, despite filing her causes of action under 42 U.S.C. § 1983 right at five years of their accrual in March 2013, the plaintiff did not attempt service until long after the expiration of the statute of limitations. If Missouri law and tolling principles apply, these claims are barred by the Plaintiff's lack of diligence in obtaining service as discussed above. The same result should follow upon the application of federal law.

Like Missouri law, federal law requires diligence in the service of Defendants, requiring dismissal absent the showing of good cause for failure to timely serve. Fed. R. Civ. Pro. 4(m). In this case, none of the parties were served within the time period provided under Rule 4(m), none of the parties were served before the expiration of the statute of limitations, and no good cause exists on the face of the record for such failure of diligence. The law of the 8th Circuit supports dismissal with prejudice under such circumstances. *See, e.g., Boyle v. Am. Auto Serv., Inc.*, 571 F.3d 734, 743 (8th Cir. 2009) (affirming district court's dismissal

with prejudice of removed action where plaintiff failed to diligently pursue service prior to removal as required by state law).

## II. Plaintiff has sued defendant Blakeney only in his official capacity.

In her petition, plaintiff alleges that:

> At all pertinent times herein, defendant Steven Blakeney was the highest-ranking uniformed police officer in Pine Lawn and exercised command and control over all other uniformed officers in Pine Lawn. He is sued in **his official and official capacities** for all acts and/or omissions taken under color of law

(Doc. 3, ¶6) (emphasis added).  Because plaintiff has only sued defendant Blakeney in his official capacity, all claims against defendant Blakeney are in reality asserted against the City of Pine Lawn.  Official capacity suits do not seek to impose liability on the defendant personally, but instead seek to hold liable the entity of which the officer is an agent.  *Monell v. Depot of Soc. Serve.*, 436 U.S. 658, 690, n. 55, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell,* 436 U.S. at 690, n. 55.   As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  *Kentucky v. Graham*, 473 U.S. 159, 166 (U.S. 1985).  It is not a suit against the official personally, for the real party in interest is the entity. *Id*.

In order to prevail on his claim against the City of Pine Lawn, the plaintiff must prove that the municipality had a "policy" or "custom" to violate plaintiff's constitutional rights. *See, e.g., Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Supervisory or governmental liability under 42 U.S.C. § 1983 requires both: 1) that the supervisory defendant had an unconstitutional policy or custom; and 2) that the policy or custom proximately caused the alleged constitutional injury. *Id.* at 694.

In this case, the plaintiff alleges no express unconstitutional policy. Rather, plaintiff purports to articulate an unconstitutional custom, as follows:

> At all pertinent times herein, the City of Pine Lawn was a Fourth-Class city of Missouri, and effected all pertinent and longstanding customs and practices of using the police powers to silence or destabilize opposition or criticism of Mayor Caldwell. The City knew or should have known of such corruption prior to March 31, 2013, because similar complaints had been previously filed with the City and in court filings.

(Doc. 3, ¶ 7). This conclusory allegation fails to invoke a right to relief under § 1983.

A pattern of similar prior constitutional violations is necessary in order to establish a custom and the deliberate indifference requisite to municipal liability. See generally *Perkins v. Hastings*, 915 F.3d 512, 523 (8th Cir. 2019). Here, the plaintiff only offers the conclusion that a custom exists, without identifying the actual facts giving rise to such a custom – instead only referencing non-descript "similar complaints." These conclusions, without more, do not support a claim

under §1983 in any count.

Similarly, plaintiff's attempt to make a case for municipal liability based on her assertion that Sylvester Caldwell was the final policymaker for the City of Pine Lawn also fails. As to defendant Caldwell, plaintiff alleges, in relevant part:

> At all pertinent times herein, defendant Sylvester Caldwell was the Mayor and de facto police chief of the City of Pine Lawn. He was the final policy-maker for the city's law enforcement officers who reported directly to him—not the Board of Aldermen.

(Doc. 3, ¶ 5). This allegation is an incorrect legal conclusion entitled to no deference.

"[W]hether a particular official has 'final policymaking authority' is a question of state law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 (1988). Under Missouri law, the City of Pine Lawn is a fourth-class Missouri City, and its final policymaker is the collective of the mayor and board of aldermen. § Mo. Rev. Stat. § 79.110.[2] *See also Atkinson v. City of Mountain View, Mo.*, 709

---

[2]Mo. Rev. Stat. § 79.110 state that:

The mayor and board of aldermen of each city governed by this chapter shall have the care, management and control of the city and its finances, and shall have power to enact and ordain any and all ordinances not repugnant to the constitution and laws of this state, and such as they shall deem expedient for the good government of the city, the preservation of peace and good order, the benefit of trade and commerce and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be deemed necessary to carry such powers into effect, and to alter, modify or repeal the same.

F.3d 1201, 1215 (8th Cir. 2013). The mayor without the board has no final policymaking authority. Mo. Rev. Stat. § 79.110. The mayor cannot himself vote except in the case of a tie, *see* Mo. Rev. Stat. §79.120[3], nor can he remove an appointive officer without the majority of the board approval, *see* Mo. Rev. Stat. §79.240. [4]

The collective mayor and board of alderman controls final policy in a Missouri fourth-class city, despite the plaintiff's legal conclusion to the contrary. The alleged actions of Sylvester Caldwell are not alone sufficient to state a claim. Accordingly, plaintiff remains at the mercy of the requirement that she plead an unconstitutional custom to establish municipal liability. She has not done so. Counts IV-VI must be dismissed as defendant Blakeney.

---

[3]Mo. Rev. Stat. §79.120 states:

The mayor shall have a seat in and preside over the board of aldermen, but shall not vote on any question except in case of a tie, nor shall he preside or vote in cases when he is an interested party. He shall exercise a general supervision over all the officers and affairs of the city, and shall take care that the ordinances of the city, and the state laws relating to such city, are complied with."

[4]Mo. Rev. Stat. §79.240 states in relevant part:

The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals.

Plaintiff's claims against defendant Blakeney in his official capacity also fail on the basis that she has not stated a civil conspiracy claim against the City of Pine Lawn. Every count of the complaint purports to allege a conspiracy. Each conspiracy count fails with the underlying claims, both at state and federal law. *See generally Dueker v. Gill,* 175 S.W.3d 662, 673 (Mo.App. S.D. 2005) and *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Additionally, the claims fail under the intracorporate conspiracy doctrine.

Plaintiff alleges that a conspiracy was undertaken by, inter alia, defendant Blakeney and Sylvester Caldwell, both of whom are also alleged to be the agents of the City of Pine Lawn in such conspiracy; the Complaint purports to allege action in their official capacities and under color of law. (Doc 3, ¶¶5-6). However, "a local government entity cannot conspire with itself through its agents acting within the scope of their employment." *Kelly v. City of Omaha, Neb.*, No. 14-3446, 2016 WL 660117 (8th Cir. Feb. 18, 2016) (internal citations and quotes omitted).

Even with the alleged participation of the Samads in the purported conspiracy, the thrust of the conspiracy is alleged to be that the City conspired to provide itself with false information through the Samads. Accordingly, plaintiff has failed to state a civil conspiracy claim against the City. Because plaintiff has failed to state a claim against the City of Pine Lawn and only sues defendant Blakeney in his official capacity, all counts of the complaint must be dismissed

against defendant Blakeney.

Finally, plaintiff's claim fails against the City of Pine Lawn as to Counts I-III because they are barred by sovereign immunity. Counts I-III are all state law claims sounding in tort. The doctrine of sovereign immunity serves to bar tort claims of not only negligence, but even intentional torts. *Mitchell v. Village of Edmundson*, 891 S.W.2d 848, 850 (Mo. Ct. App. 1995). "Sovereign immunity is not a defense to suit but, rather, it is immunity from tort liability altogether, providing a basis for prohibition." *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 369 (Mo. 2016), reh'g denied (May 24, 2016).

Sovereign or governmental tort immunity is the default rule in Missouri, (re)established by statute. Mo. Rev. Stat. § 537.600.1. The exceptions to sovereign immunity are likewise established by statute. *Id.*; Mo. Rev. Stat. § 537.610. Statutory waivers of sovereign immunity must be strictly construed. *Boever v. Special School Dist. of St. Louis County*, 296 S.W.3d 487 (Mo.App. E.D., 2009). Sovereign immunity shields a municipality from liability in all but four cases. *See Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009). Plaintiff has pled no facts giving rise to a waiver of the doctrine of sovereign immunity for Counts I-III. Because Counts I-III must be dismissed against the City of Pine Lawn, they must also be dismissed as to defendant Blakeney who is only sued in his official capacity

### III.   Count IV fails to state a claim.

In Count IV, plaintiff attempts to allege a claim for conspiracy to commit malicious prosecution under 42 U.S.C. § 1983.  Section 1983 provides a remedy only for violations of rights secured by the Constitution or federal law. *E.g., Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000).  By itself, a malicious-prosecution claim is not actionable under Section 1983 because it fails to entail any constitutional injury. *Id.* Accordingly, in order to be cognizable under Section 1983, a plaintiff asserting a malicious-prosecution claim must demonstrate that the defendant's conduct also infringed upon some constitutional protection. *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990).  Plaintiff asserts her malicious-prosecution claim in conjunction with the alleged infringement of her rights to be free from "unreasonable seizure and substantive due process under the Fourth and Fourteenth Amendments." (Doc. 3, ¶ 67).

Regarding plaintiff's allegation that the malicious prosecution instigated by the defendants impaired her rights to due process, she only specifies a substantive due process claim and not a procedural due process claim.  A malicious prosecution claim based on substantive due process claim fails to state a claim.  In *Albright v. Oliver*, the Supreme Court held that substantive due process cannot provide the basis for a Section 1983 malicious-prosecution claim. 510 U.S. 266, 271 n.4,(1994) (noting that substantive due process "may not furnish the

constitutional peg on which to hang [the] tort" of malicious prosecution).

Similarly a malicious prosecution claim based on the Fourth Amendment also fails. The Eighth Circuit has expressly held that bail requirements and mandatory court appearances do not constitute "seizures" of Fourth-Amendment dimensions. *See Technical Ordinance, Inc. v. United States*, 244 F.3d 641, 650-51 (8th Cir. 2001).

Plaintiff Count IV is without merit and either fails to state a claim upon which relief can be granted or is either duplicative of and/or subsumed within the claims made in counts V-VI. This Court should dismiss Count IV against defendant Blakeney.

## Conclusion

For all the reasons stated herein, defendant Blakeney requests that this Court dismiss plaintiff's complaint with prejudice.

    Respectfully submitted,

    LAW & SCHRIENER, LLC

By: *Kevin L. Schriener*
    Kevin L. Schriener 35490MO
    141 North Meramec Avenue, Suite 314
    Clayton, Missouri 63105
    (314) 721-7095 – telephone
    (314) 863-7096 – facsimile
    kschriener@SchrienerLaw.com

*Attorney for defendant Steven Blakeney*

**Certificate of Service**

  I hereby certify that I filed the foregoing memorandum with the Clerk of the United States District Court for the Eastern District of Missouri to be served by operation of the Court's electronic filing system upon all parties of record this 26th day of July, 2019.

            */s/ Kevin L. Schriener*
            KEVIN L. SCHRIENER